# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE MORRISON, *Plaintiff*, v. KIRSTJEN NIELSEN, Secretary, U.S. Department of Homeland Security, *et al.*, *Defendants.* | Civil Action No. 17-2312 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christine Morrison, proceeding *pro se*, brings this action under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that her former employer, the Department of Homeland Security, Customs and Border Protection, discriminated against her on the basis of her religion and her disability, and retaliated against her when she engaged in protected activities. Morrison mailed her complaint to the Court on September 11, 2017, but did not include the filing fee or an application for leave to proceed *in forma pauperis* ("IFP"). The clerk's office internal records and Morrison's package tracking information show that the complaint was received by the clerk's office on September 18, 2017—the final day on which Morrison was permitted to file a timely complaint. Morrison's complaint was not docketed, however, until November 2, 2017, when she delivered an identical version of the complaint to the clerk's office and paid the filing fee. Relying on the November 2 date, Defendants move to dismiss Morrison's complaint as untimely. Dkt. 13. Because Morrison's lawsuit was commenced on September 18, 2017, when her complaint was received by the clerk's office, the Court disagrees. However, because Morrison may only sue the head of

the agency which actions give rise to her claims, the Court will **GRANT** in part and **DENY** in part Defendants' motion to dismiss.

## I. BACKGROUND

In June 2009, Morrison was hired by the Department of Homeland Security, Customs and Border Protection ("CBP") as a Supervisory Management Program Analyst. Morrison allegedly suffers from a number of disabilities, including "asthma[,] reactive airways disease[,] and chronic obstructive lung disease" as a result of "inhalation of smoke . . . and toxic fumes" at the Pentagon during the September 11, 2001 attack. Dkt. 1 at 4–5 (Compl. ¶ 9). According to Morrison, CBP "denied her requests for reasonable accommodation," "harassed [her]," "demoted [her]," and "discriminated and retaliated against [her] in [the] terms and conditions of her employment," because of her disability and her religion, leaving her "no choice but to . . . transfer and demotion to another unrelated federal agency at a considerable cut in salary." *Id.* at 2.

Morrison filed a grievance with the Equal Employment Opportunity Commission ("EEOC") alleging that CBP discriminated against her on the basis of her religion and disability and that she was subject to unlawful "reprisal." Dkt. 17-6 at 1. The Administrative Judge "found in favor of the agency, concluding [that Morrison] failed to prove her discrimination claims," and that decision was affirmed on appeal. *Id.* at 2. Morrison requested reconsideration of the appeal decision, and, on June 15, 2017, the Commission issued its final decision denying her request and informing her of her right to file a "civil action . . . within 90 days from the date that [she] received [the] decision." *Id*. at 2–3. Morrison asserts that she received the EEOC final decision and right-to-sue letter on June 20, 2017. Dkt. 17 at 4. Assuming that is correct, as the

Court must at this stage of the proceeding, Morrison was required to file a civil action on or before September 18, 2017. *Id.*

Morrison contends that her complaint was delivered to the clerk's office on September 18. *See* Dkt. 17 at 4. In her opposition, she explains that in September 2017 she was "tak[ing] care of her elderly father in the nursing home in Florida" in the wake of Hurricane Irma and that, as a result, she was unable to file her complaint in person. Dkt. 17 at 3. Instead, Morrison asserts that she arranged for her "personal assistant," Chungsoo Lee, to mail the complaint to the Court. *Id.* In support of that assertion, Morrison has filed a "certificate of service" signed by Lee, attesting that he mailed the complaint to the Court on September 11, 2017 by priority mail and that the postal service tracking number was 9405 8036 9930 0502 9794 46. *See* Dkt. 1 at 23. Morrison has also provided the Court with a Postal Service report, showing that a mailing with that tracking number reached the Court on September 18, 2017. *See id.* at 24.

That complaint, however, was not docketed. Records of the clerk's office indicate that, consistent with the tracking information, Morrison's complaint was received by the clerk's office on September 18 but that it was returned with a cover sheet noting that Morrison had failed to pay the filing fee.[1] After recieveing that notice, Morrison promptly refiled her complaint, along with the filing fee. Accordingly, the first entry that appears on the Court's docket is a complaint from November 2, 2017.

Based on the November 2 filing date, Defendants moved to dismiss the complaint as untimely. *See* Dkt. 13.

---

[1] The Court takes judicial notice of this document, which is on file in the clerk's office. *See Alridge v. Rite Aid of Wash. D.C., Inc.*, 146 F. Supp. 3d 242, 246 n.2 (D.D.C. 2015).

## II. ANALYSIS

Under Title VII and the Rehabilitation Act, an employee may file a civil action in the appropriate United States District Court "[w]ithin 90 days of receipt of notice of final action taken by a[n] . . . agency." 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1) (applying Title VII remedies, procedures, and rights, including the provisions of 42 U.S.C. § 2000e-16, to claims under § 501 of the Rehabilitation Act); *see also* 29 C.F.R. § 1614.407(c). "The 90–day statutory period is not a jurisdictional prerequisite to filing suit, but rather operates as a statute of limitations, and is thus an affirmative defense that can be raised in a pre-answer dispositive motion." *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 170 (D.D.C. 2011) (citing *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 577–79 (D.C. Cir. 1998)); *see also Bullock v. Brennan*, No. 13-1543, 2016 WL 107910, at *5 (D.D.C. Jan. 8, 2016). Here, the parties agree that the EEOC issued its final decision on June 15, 2017, and Morrison asserts that she received it on June 20, 2017. Dkt. 17 at 4. Assuming that is true, as the Court must at this stage of the proceeding, Morrison had until September 18, 2017 to file a civil action in this Court. Under Rule 3 of the Federal Rules of Civil Procedure, "a civil action is commenced by filing a complaint with the court." The question presented, then, is whether the delivery of Morrison's complaint to the clerk's office on September 18 constituted "filing" for purposes of Rule 3.

Morrison argues that "[t]he date of filing is the date of mailing," Dkt. 17 at 4, and that the complaint was "timely filed" because it "was mailed on September 11, 2017." *Id.* Her argument is apparently based on the "mailbox rule," which applies to *pro se* prisoners whose "lack of freedom bars them from delivering [filings] to the court clerk personally." *Houston v. Lack*, 487 U.S. 266, 274 (1988). Because Morrison was not incarcerated when she mailed her complaint, the prisoner mailbox rule does not apply. *See Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 n.1

(D.D.C. 2011) (noting that the mailbox rule only applies to prisoners). Instead, the Court is guided by the Federal Rules of Civil Procedure, which provides that "[a] paper is filed by . . . *delivering* it to the clerk." *See Moore v. Agency for Int'l Dev*., 994 F.2d 874, 876 (D.C. Cir. 1993).

Defendants argue that the complaint was not "filed" because it was not accompanied by the filing fee. Under 28 U.S.C. § 1914(a), "the clerk of each district court *shall* require the parties instituting any civil action . . . to pay a filing fee of $350." The statute does not, however, mandate that the fee be paid *before* a complaint is "filed." Rather, Congress left that judgment to the individual district courts. Section 1914(c) provides that "each district court by rule or standing order *may* require advance payment of fees." 28 U.S.C. § 1914(c) (emphasis added). Some district courts have adopted such a rule. *See, e.g.*, E.D.Va. Local Rule 54(A) ("All fees and costs due the Clerk shall be paid in advance except as otherwise provided by law"); N.D.Il. Local Rule 3.3(b) ("Any document submitted for filing for which a filing fee is required must be accompanied either by the appropriate fee or IFP petition"); N.D.N.Y. Local Rule 5.2(a) ("A party commencing an action . . . must pay to the Clerk the statutory filing fee before the case will be docketed and process issued."). This Court, however, has not. *See* D.D.C. Local Civil Rule 5.1 ("Form and Filing of Documents").

According to Defendants, the date on the docket nonetheless controls, and Morrison's claims are time-barred because the complaint was not docketed "until November 2, 2017, after the 90-day deadline." Dkt. 13-1 at 3; *see also* Dkt. 20 at 1. But whether a complaint is docketed is not dispositive. The history of Rule 5 cautions against giving legal significance to the ministerial operations of the clerk's office. In 1991, Rule 5 was amended to specify that a "clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by

5

a local rule or practice." Fed. R. Civ. P. 5(d)(4). That revision was adopted "to ensure that judges rather than administrative staff decide whether a document is adequate." *Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 707 (7th Cir. 2007); *see also* Fed. R. Civ. P. 5 cmt. (explaining that "the enforcement of [the Federal Rules] and of the local rules is a role for a judicial officer" and "is not a suitable role for the office of the clerk"). Indeed, the practice of authorizing clerks to refuse non-conforming filings was rejected, in part, because it "exposes the litigants to the hazards of time bars." *Id.* The same principle extends to the present context; it is the role of the Court—not the clerk—to determine when a complaint is "filed" for the purposes of Rule 3.

Neither the Supreme Court nor the D.C. Circuit Court has decided whether a complaint is "filed" if it is received by the clerk without a filing fee or an IFP application. In the related context of timely filing a notice of appeal, however, the Supreme Court has held that, so long as the notice of appeal was received by the clerk within the time limit, "untimely payment of the . . . fee d[oes] not vitiate the validity of petitioner's notice of appeal." *Parissi v. Telechron, Inc.*, 349 U.S. 46, 46 (1955) (per curiam). Following *Parissi*'s lead, several other circuits have held that a complaint is filed when it is received by the clerk, regardless of whether the filing fee is paid at that time. In one case, for example, the plaintiff electronically submitted her complaint on the last day of the limitations period but did not pay the filing fee until the next day. *Farzana K.*, 473 F.3d at 704–05. The Seventh Circuit held that the date the complaint was electronically submitted was controlling and explained that "a complaint must be accepted and filed even if neither the fee nor an application to proceed *in forma pauperis* is enclosed." *Id.* at 707. "[T]he complaint alone satisfies the statute of limitations." *Id.* Similarly, in a case much like this one, the plaintiff mailed his complaint to the district court within the statute of limitations, but it was

6

returned for failure to include a filing fee or application to proceed IFP. *Robinson v. Doe*, 272 F.3d 921, 922 (7th Cir. 2001). The Seventh Circuit concluded that "[t]he complaint [was] 'filed'" for purposes of the statute of limitations "when the court clerk receive[d] the complaint, not when it [was] formally filed in compliance with all applicable rules involving filing fees and the like." *Id.* at 922–23.

Other circuits agree that a complaint is filed when it is received by the clerk, even if the filing fee or an application to proceed IFP is submitted after the statute of limitations has run. *McDowell v. De. State Police*, 88 F.3d 188, 190–91 (3d Cir. 1996) ("Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis*."); *Robinson v. Yellow Freight Sys.*, 892 F.2d 74 (4th Cir. 1989) (unpublished table decision) ("We think that in this context '[f]iling a complaint requires nothing more than delivery to a court officer authorized to receive it.'" (quoting 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1052 at 165)); *see also Casanova v. Dubois*, 304 F.3d 75, 80 & n.7 (1st Cir. 2002) (holding that a complaint filed within the statute of limitations was timely notwithstanding plaintiff's failure to pay the fee within the period); *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978) (holding, following *Parissi*, that payment of the filing fee did not determine the complaint's timeliness for purposes of the statute of limitations); *cf. Cintron v. Union Pacific R.R. Co.*, 813 F.2d 917, 919–20 (9th Cir. 1987) (treating a complaint as filed on the date of receipt despite the clerk rejecting it due to overpayment of the filing fee).[2]

---

[2] In cases in which a plaintiff submits his or her complaint with an application to proceed IFP, some courts have held that the statute of limitations is merely "tolled" while the IFP application

Unsurprisingly, the approaches taken by courts in other districts are, for the most part, dependent on whether the Court has, pursuant to 28 U.S.C. § 1914(c), promulgated a local rule that mandates advance payment of fees. In districts with such a local rule, courts generally require payment prior to "filing." *See, e.g., Wanamaker v. Columbia Rope Co.*, 713 F. Supp. 533 (N.D.N.Y. 1989); *Keith v. Heckler*, 603 F. Supp. 150, 156 (E.D. Va. 1985); *but see Smith v. Planned Parenthood of the St. Louis Region*, 327 F. Supp. 2d 1016, 1020 (E.D. Mo. 2004) (holding that despite local rule requiring the advance payment of fees, a complaint was filed pursuant to Rule 3 when delivered to the clerk). By contrast, in districts without such a local rule, courts generally allow the "filing" of a complaint even without prepayment of the filing fee or submission of an application to proceed IFP. *See, e.g.*, *Wells v. Apfel*, 103 F. Supp. 2d 893, 898–99 (W.D. Va. 2000); *Bolduc v. United States*, 189 F. Supp. 640, 641 (D. Me. 1960).

In the absence of a local rule in this district requiring the advance payment of the filing fee, the Court concludes that Morrison's complaint was "filed" when it was first "deliver[ed] . . . to the clerk." Fed. R. Civ. P. 5(d)(2)(A). Based on the records of the clerk's office, Lee's "certificate of service," and the Postal Service tracking information, the Court concludes that the date of delivery was September 18, 2017—the last day of the limitations period, *see* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(c). Morrison therefore timely commenced her civil action.

\* \* \*

---

is pending. *See, e.g.*, *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *Williams-Guice v. Bd. of Educ. of City of Chi.*, 45 F.3d 161, 165 (7th Cir. 1995); *Jarrett v. U.S. Sprint Commc'ns Co.*, 22 F.3d 256, 259–60 (10th Cir. 1994). Courts in this district have followed that line of cases in the same circumstances. *See, e.g.*, *Malloy v. WMATA*, 187 F. Supp. 3d. 34, 43–44 (D.D.C. 2016) *aff'd* 689 F. App'x 649 (2017) (mem.); *Obaseki v. Fannie Mae*, 840 F. Supp. 2d 341, 346–47 (D.D.C. 2012); *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 171–72 (D.D.C. 2011). The Court need not, and does not, address whether that practice is consistent with Federal Rules of Civil Procedure 3 and 5, and 28 U.S.C. § 1914(c).

Defendants also contend that the only proper defendant for a claim under Title VII or the Rehabilitation Act is the head of the agency that engaged in the allegedly discriminatory conduct, and that all other Defendants to this action should be dismissed. Dkt. 13 at 1 n.1. The Court agrees, *see* 42 U.S.C. § 2000e-16(c) ("[T]he head of department, agency, or unit, as appropriate, shall be the defendant."), and will therefore dismiss from this suit all defendants except the Secretary of Homeland Security.

## CONCLUSION

Defendants' motion to dismiss, Dkt. 13, is hereby **GRANTED** in part and **DENIED** in part. Plaintiff's claims against all Defendants except Kirstjen Nielsen are hereby **DISMISSED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: September 7, 2018