UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE MORRISON,<br><br>*Plaintiff,*<br><br>v.<br><br>KEVIN McALEENAN, Acting Secretary,<br>U.S. Department of Homeland Security<br><br>*Defendant.* | Civil Action No. 17-2312 (RDM) |

**JOINT STIPULATION OF SETTLEMENT AND DISMISSAL**

The parties, by and through their respective counsel, hereby stipulate and agree as follows:

1. The parties agree to settle and compromise the above-entitled action under the terms and conditions set forth in this Stipulation ("the Stipulation" or "Agreement"). The parties understand and agree that the above-captioned matter will be dismissed as the result of their entering into this Settlement.

2. Defendant shall pay Plaintiff a lump sum of $300,000.00 ("the Settlement Payment"). Within 45 days, Defendant agrees to provide Plaintiff SF-50(s) forms cancelling the following personnel actions: (1) Reassignment from Supervisory Management & Program Analyst to Program Manager, dated October 25, 2009; (2) Suspension for one day, dated August 29, 2010; and (3) Return to Duty ("RTD"), dated August 30, 2010.

3. Payment of the Settlement Payment described in Paragraph 2 will be made by an electronic transfer of funds to bank account(s) specified by Plaintiff's counsel. Plaintiff and Plaintiff's counsel agree to cooperate with Defendant's counsel in promptly providing reasonable information needed for requesting payment and transmission of funds. This payment is in full

and final satisfaction of all Plaintiff's claims in this case for attorney fees, costs, and other litigation expenses; and Defendant shall have no further liability for any amounts.

4. This Agreement provides for the full and complete satisfaction of all claims that have been or could have been asserted by Plaintiff in the above-captioned civil action, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the Department of Homeland Security ("Agency"), the United States of America, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event involved in the above-captioned litigation. Plaintiff hereby fully and forever releases and discharges the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with any event, including without limitation any rights or claims under the Title VII of the Civil Rights Act and/or Rehabilitation Act.

5. In connection with this release, Plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Agreement, to settle and release all such rights and claims; provided, however, that nothing in this Agreement shall affect: (i) any rights or claims that may arise after the date Plaintiff signs this Agreement, except for claims involving alleged discriminatory compensation decisions or practices that occurred before the date Plaintiff signs this Agreement which may affect Plaintiff's future compensation, or (ii) Plaintiff's right or

entitlement to any retirement, health, or similar employee benefits that are available generally to present and former Agency employees based on their federal service.

6.  Plaintiff shall have 21 days to consider the terms of this Agreement. If Plaintiff chooses to sign this Agreement before this 21-day consideration period has elapsed, Plaintiff acknowledges that her decision to accept such a shortening of the period is knowing and voluntary, and has not been induced by any threat, promise, or other representation attributable to Defendant or Defendant's employees or agents, including without limitation any threat to withdraw or alter any of the terms hereof prior to the expiration of the 21-day consideration period.

7.  Plaintiff may revoke her agreement to this Stipulation during the seven calendar day period following her execution hereof. Such revocation must be in writing and delivered to Defendant's counsel on or before the seventh calendar day after the date on which Plaintiff signs this Stipulation. Plaintiff is advised to consult with an attorney prior to signing this Stipulation. By her signature below, Plaintiff's counsel represents that: (i) he has served as Plaintiff's attorney with respect to this matter; (ii) he has examined this Stipulation and has discussed its terms with Plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A)-(G) have been fully satisfied in connection with this Settlement Agreement.

8.  Unless Plaintiff timely exercises her right to rescind this Agreement as provided in Paragraph 7 hereof, this matter will be dismissed with prejudice upon its approval by the Court, with the sole exception that the Court may retain jurisdiction to enforce this Agreement and to conduct such further proceedings and award relief as may be necessary to resolve this action finally. Counsel for Defendant will file the fully executed Agreement immediately upon expiration of the seven-day revocation period in Paragraph 7.



9. Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the Agency and the United States, their agencies and officials, and their present and former employees and agents, in their official and individual capacities, up to the amount of the Settlement Payment, from and against any transferred, assigned, or subrogated interests in those rights and claims.

10. This Agreement has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Agreement is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission that Defendant, the Agency, or any of the Agency's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise.

11. The parties agree that this Agreement has no precedential effect. Neither this Agreement nor any term(s) herein may be used as a basis, by any person or persons, to justify similar terms in any subsequent matter. This Agreement shall not be used, cited, or relied upon either directly or in substance, as evidence or otherwise in any pending or future civil or administrative action against the Agency, any current or former employee of the Agency, or any department, agency or instrumentality of the United States, except in a proceeding to enforce its terms or in order to establish its existence and its terms.

12. This Agreement shall be governed by the laws of the United States.

13. Plaintiff acknowledges that she has not relied on any representations by Agency as to the tax consequences of this Agreement or any payments made hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Agreement that are applicable to Plaintiff.

14. This document contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

15. Should any provision of this Agreement become invalid, illegal or unenforceable, that shall not affect the validity or enforceability of any other provisions of this Agreement.

16. The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

17. The parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

18. If either Plaintiff or Agency at any time believes the other party is in breach of this Agreement, that party shall notify the other party of the alleged breach. The other party shall then have 30 days to cure the breach or otherwise respond to the claim. During the cure period, all applicable filing deadlines and statutes of limitations shall be tolled. The parties shall make a good



faith effort to resolve any dispute arising from or regarding this Agreement before bringing the dispute to the attention of the Court.

19. Any notice required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

    If to Plaintiff:

    ALLEN H. ORENBERG
    The Orenberg Law Firm
    12505 Park Potomac Ave., 6th floor
    Potomac, MD 20854

    *Attorney for Plaintiff*

    If to Defendant:

    Frislanda Goldfeder
    Deputy Associate Chief Counsel
    Office of Chief Counsel
    U.S. Customs and Border Protection
    1300 Pennsylvania Avenue, NW
    Washington, DC  20229
    (202) 325-4176
    frislanda.goldfeder@cbp.dhs.gov

    with copy to:    The United States Attorney's Office
                       Chief of the Civil Division
                       555 Fourth St., NW
                       Washington, D.C.  20530
                       (202) 252-2500

20. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature or a digital or electronic signature shall have the same effect as a manually executed original.



21.   Upon execution of this Agreement by all parties hereto, it shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the settlement agreement herein shall not become effective or enforceable until the revocation period provided for in Paragraph 7 has expired. Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Agreement on the date shown below.

Dated: November 12, 2019

Respectfully submitted,

/s/ Allen H. Orenberg
ALLEN H. ORENBERG
The Orenberg Law Firm
12505 Park Potomac Ave.,
6th floor
Potomac, MD 20854
(301) 984-8005
aorenberg@orenberglaw.com

*Attorney for Plaintiff*

/s/ Christine I. Morrison
CHRISTINE I. MORRISON

*Plaintiff*

JESSIE K. LIU
D.C. Bar # 472845
United States Attorney
District of Columbia

DANIEL VAN HORN
D.C. Bar # 924092
Chief, Civil Division


/s/ Joshua L. Rogers
JOSHUA L. ROGERS
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2578
Joshua.Rogers3@usdoj.gov

*Attorneys for Defendant*